IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
(MIDDLE DIVISION)

RONALD BLACKWELL, LESLIE DURHAM, )
RANDALL FARMER, RODNEY SIMPSON, )
JAMES THOMAS, JAMES SMITH, STEVEN )
SHANKLES, and MATTIE DAVIS, )
)
    PLAINTIFFS, )
)
v. )
) CIVIL ACTION NO. _____
THE BAKERY AND CONFECTIONERY )
UNION AND INDUSTRY )
INTERNATIONAL PENSION FUND; JOHN )
BECK, Plan Manager; and BAKERY AND )
CONFECTIONERY UNION AND INDUSTRY )
INTERNATIONAL PENSION FUND BOARD )
OF TRUSTEES, )
)
    DEFENDANTS. )

## COMPLAINT

**COME NOW**, the Plaintiffs Ronald Blackwell, Leslie Durham, Randall Farmer, Rodney Simpson, James Thomas, James Smith, Steven Shankles, and Mattie Davis (hereafter "the Plaintiffs") and file this Complaint against the Defendants alleging as follows:

### PARTIES AND VENUE

1. All of the Plaintiffs are residents of the counties in the Northern District of Alabama and one or more of the Plaintiffs is a resident of the counties comprising the Middle Division of this district.

2. Each of the Defendants has a role in providing benefits to participants such as the Plaintiffs within the Northern District of Alabama.

3. The Defendant Bakery and Confectionery Union and Industry International Pension Fund (hereafter "the Plan") is the fund constituting the plan out of which monies and benefits are paid to plan participants and which is governed by a trust agreement and various plan documents. Various employers across the country participate in the Plan.

4. The Defendant Bakery and Confectionery Union and Industry International Pension Fund, Board of Trustees (hereafter "Trustees") are that group of persons acting as a board and acting as a plan administrator for the Plan in making all decisions and determinations regarding amendments to the plan documents. The Trustees are fiduciaries.

5. The Defendant John Beck is the plan manager and a fiduciary who is responsible for carrying out and applying plan amendments, assisting with or conducting appeals for the plan administrator and providing requested information to plan participants and otherwise insuring plan compliance with the law.

6. Jurisdiction and venue of this action are proper in the United States District Court for the Northern District of Alabama.

## FACTS COMMON TO ALL COUNTS

7. The Plaintiffs are all former employees of Sara Lee Corporation (hereafter "Sara Lee"). Sara Lee was an employer participating in the Plan. Through the Plan, the Plaintiffs were provided pension benefits.

8. The Plan offered various pension benefits. The Plaintiffs as pension plan participants elected and bargained to participate in the Golden 80 plan provisions, which provided a better pension benefit than other plan provisions. The Golden 80 provision derives its name from the fact that once a participant's accumulated years of pension service and the participant's age reach the sum total of 80, then eligibility is established for the Golden 80 pension plan benefit. The Plaintiffs and others similarly situated negotiated with employers to contribute all or a portion of a raise or raises in order to obtain and fund this plan provision.

9. All Plaintiffs allege that each is now eligible for Golden 80 plan benefits. The plan documents made assurances that pension benefits would not be cut back. No reservation was made in the plan documents allowing for a reduction in benefits if a participant was no longer employed.

10. Through their employment the Plaintiffs accumulated significant pension credits toward the Golden 80 plan benefits. In July 2004, the Sara Lee plant in Fort Payne began closing down production. By January 2005, the majority of the

employee layoffs were completed. Sara Lee ceased participation in the pension plan on March 1, 2005 and the Plan verified that all contributions for severance and vacation were received for each of the Plaintiffs as well as other participants in the Plan.

11.   Since 2005 and through June 30, 2010, the Defendants interpreted the Plan such that various plan participants aged into the Golden 80 benefit and received the benefit after employment with Sara Lee and other companies ended. Such participants were no longer employed by Sara Lee or any other company participating in the Plan when they reached the requisite age. The interpretation of those plan provisions by the Defendants was clear such that ongoing "covered employment" was not necessary for the Plaintiffs to remain eligible for Golden 80 benefits.

12.   On or about June 15, 2010, a letter was sent to various plan participants, including the Plaintiffs, indicating that the Plan would be amended retroactively to exclude the Plaintiffs and other similarly situated participants from "aging into" Golden 80 benefits unless they returned to "covered employment". Covered employment referred to work for an employer who was eligible to include employees as participants in the Plan. This was effective as of July 1, 2010.

13. Prior to July 1, 2010, the plan documents did not state in any place that the Plaintiffs may only acquire age and service credits while in "covered employment".

14. The Defendant also contended that the reason for this amendment was to save the Plan money. This amendment when applied retroactively caused a significant reduction in benefits to the Plaintiffs and others who would soon age into Golden 80 benefits after July 1, 2010. The amendment was contrary to the Plan documents and the interpretation proffered by the Defendants for many years. It was also unfair as participants who worked side by side were being treated unequally based on an arbitrarily chosen date for the amendment.

15. The plan amendments are ill-conceived and imprudent as well as improper and in violation of the fiduciary duties imposed on John Beck and the plan administrator, the Trustees. The plan amendments unnecessarily expose the Plan to the burden and expense of litigation and the plan amendments further appear to be the result of improper and inadequate legal advice causing damage to the Plaintiffs and waste of significant plan assets to the detriment of the Plan. Such damage and waste are the result of a conspiracy between the Defendants. The Trustees and Beck are liable for the damages and waste rather than the Plan.

16. The Defendants in support of the plan amendment cited case law which they contended permitted the plan amendment. However, the Plaintiffs have challenged

the Defendants' review of case law as the cases cited do not support the Defendants' actions. In fact, the points made by Defendants with the cited cases were not written in an understandable manner, but were rather conclusory and intended to mislead.

17. The Plaintiffs claimed benefits in spite of this plan amendment and the benefits were summarily denied.

18. The Plaintiffs then requested that the Defendants produce all plan documents relevant to the Plaintiffs' claims. The Defendants produced some plan documents but did not produce all plan documents it was required to produce in violation of its fiduciary duties.

19. The Plaintiffs then appealed the Defendants' summary denial of benefits. The Plaintiffs in response cited case law as well as statutes which reflected that the amendment was unlawful and not founded on law. The Plaintiffs specifically sought an explanation of the Defendants' cases which did not appear to support in any respect the Defendants' position and further explained the fact that the case law cited by the Plaintiffs clearly did reflect that the amendments were unlawful and that the Plaintiffs were entitled to their benefits.

20. The Defendants did not consider or take into account the Plaintiffs' comments regarding the inapplicability of the cases cited nor did the Defendants take into account the Plaintiffs' case law that was cited reflecting that the

amendment was illegal and unlawful. Instead, the Defendants conspired to ignore the Plaintiffs' comments and sent a form letter denying the claim with vague conclusory reasons which was similar to form letters previously sent. The letter did not justify the Plan's position or address the issues raised in the appeal.

21. In connection with its appeal, the Plan by and through John Beck refused to provide any legal position or explanation regarding the Plan's position on the plan amendments, but advised the Plaintiffs to check on PACER regarding recent litigation as to the Plan's legal position. Eventually the PACER documents were sent, but they did not provide the reasoned explanation demanded repeatedly nor do the documents address the 11th circuit law on the matter. However the documents did reveal that Defendants had failed to provide all plan documents during the administrative process in spite of requests.

22. The Plaintiffs further requested that the Plan advise whether the Defendants had consulted with legal counsel in connection with the Plaintiffs' appeal and the amendments and that such information should be provided given that counsel would be representing the Plan including the plan participants. However, the Defendants through John Beck acted in an adversarial manner and refused to provide such information and instead stated that the information was privileged and confidential and would not be disclosed notwithstanding the fiduciary responsibility that the Defendants owed to the Plaintiffs.

23. The Defendants refused to provide a position regarding the issues raised by the Plaintiffs and asserted a vague, conclusory response presumably in order to preserve the opportunity to assert a different position in litigation or to thwart the Plaintiffs from understanding the Plan's position. The Defendants failed to take into account comments made by the Plaintiffs during the administrative phase as required by law. This is contrary to the claim procedure regulation and statutory requirements for a full and fair review of claims. Further providing post hoc rationales in litigation is contrary to 11th Circuit law as well as fairness principles relating to whether deference is due to be accorded the Defendants' decision.

24. As fiduciaries, the Defendants were obligated to act in the best interest of the Plan participants but rather the Defendants have conspired to act in their own best interests attempting to protect a litigation posture and, protect the claim decisions made by the Defendants, and protect the jobs and income that some of the Defendants derive from the Plan. The Plaintiffs have reason to believe that the misconduct of Defendant Trustees and Defendant Beck have caused a waste of plan assets and have harmed the Plaintiffs' right to Golden 80 benefits as a result of these imprudent actions.

25. The Golden 80 plan benefit is in essence a floating retirement benefit which participants may be eligible to receive before or after the early retirement benefit. It

is a violation of the ERISA statute and established legal precedent to cut back or reduce this benefit retroactively.

26. The Plaintiff's have exhausted all known claim remedies and in any event further exhaustion is futile.

## COUNT I

27. The Plaintiffs incorporate by reference all previous paragraphs of this Complaint.

28. This Count is brought under 29 U.S.C. § 1132(a)(1)(B) and seeks to recover benefits, damages, and attorney's fees as may be recoverable under this Code provision and 29 U.S.C. § 1132(g). The Plaintiffs seek to enforce their rights under the Plan in question. The Plan is an employee benefit plan that is regulated by the Employee Retirement Income Security Act (hereafter "ERISA"), 29 U.S.C. § 1001 *et. seq.*

29. On or about June 8, 2011, the Defendants wrongfully, and in violation of obligations under ERISA, denied the Plaintiffs' Golden 80 benefits.

30. The Plaintiffs have failed to receive Golden 80 benefits since that date.

**WHEREFORE**, the Plaintiffs demands judgment against the Defendant Plan and the Defendant Trustees as follows:

    (a) For the sum of all past due and wrongfully denied benefits;

    (b) For reinstatement of the right to future benefits;

(c) For an award of attorney's fees;

(d) For interest on all past due benefits; and

(e) For such other further proper and/or different relief as may be just.

## COUNT II

31. The Plaintiffs incorporate by reference all previous paragraphs of this Complaint.

32. This Count is brought pursuant to 29 U.S.C. § 1132(a)(3) and 29 U.S.C. § 1133 and the requirements of 29 C.F.R. § 2560.503. It is established in the alternative as to Count I.

33. The Defendants are fiduciaries or obliged to act on behalf of a fiduciary in a fiduciary like manner regarding plan amendments and are required to conduct a full and fair review of the Plaintiffs' claims for benefits. The Defendants breached these duties as set forth above and in particular the Plaintiffs' further state:

(a) The Defendants have conducted an adversarial review for the purpose of enhancing the Defendants' position in litigation;

(b) The Defendants have failed to conduct a full and fair review;

(c) The Defendants have failed to take into account all comments and information submitted by the Plaintiffs and seek to assert post hoc rationales never asserted during the claim process;

(d)  The Defendants have acted wrongfully in amending the Plan and in retroactively applying the plan amendment.

34. The Plaintiffs seek alternative relief in the event that the relief in Count I is not available. The Plaintiffs seek the Court to provide monetary damages for the harm caused to the Plaintiffs by the plan amendment and further punitive damages for the egregious manner in which the Defendants have conducted the claims review.

35. The Plaintiffs further seek equitable relief barring the Defendants from applying the plan amendment to any individual who is a participant under the Golden 80 plan and who has accrued pension service credits prior to the plan amendment and who may possibly still yet age into the Plan. Furthermore, the Plaintiffs seek relief for all other individuals similarly situated who are currently entitled to Golden 80 benefits but whose benefits have been denied.

**WHEREFORE**, the premises considered, the Plaintiffs demand judgment for equitable and appropriate relief as provided and allowed under the provisions of 29 U.S.C. § 1132(a)(3) as follows:

(a)  For monetary damages suffered by the Plaintiffs as a result of the plan amendment;

(b)  For punitive damages for the adversarial manner in which the Defendant fiduciaries have acted regarding the claim review;

(c) For an injunction or equitable relief barring application of the plan amendment to the Plaintiffs and other similarly situated individuals;

(d) For an award of attorney's fees; and

(e) For such other different appropriate and/or equitable relief as may be just and proper for the Plaintiffs and other similarly situated participants and beneficiaries.

## COUNT III

36. The Plaintiffs incorporate by reference all previous paragraphs of this Complaint.

37. This Count is brought pursuant to 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1109 and seeks to recover damages and attorney's fees as may be recoverable under this code provision and seeks to have the plan manager and Trustees removed from their positions.

38. The Defendant Trustees and the Defendant John Beck have statutory duties imposed on them relating to the proper management administration and investment of fund assets with an eye toward ensuring that the benefits authorized by the Plan are ultimately paid to participants and beneficiaries. Defendant Trustees and Defendant John Beck's actions constitute fiduciary breaches that have impaired the value of plan assets as to each of the Plaintiffs' pension benefits under the Golden 80 plan provisions.

39. The Defendant Trustees and Defendant John Beck are personally liable to make good losses suffered by the Plaintiffs and other such plan participants, as well as for any losses to the Plan resulting from any breaches.

40. The Plaintiffs claim damages as a result of the Defendants' actions.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendant Trustees and Defendant John Beck as follows:

(a) For the sum of all losses as to the amount of the Golden 80 benefits the Plaintiffs and others similarly situated were due to receive as a result of these Defendants' actions;

(b) For an award of attorney's fees;

(c) For interest;

(d) For punitive damages;

(e) For removal of the Defendant Trustees and Defendant John Beck from their positions of authority with the Plan; and

(f) For such other further different and appropriate relief as may be just.

_David P. Martin_ (signature)

David P. Martin
(ASB-3500-M68D)

**David P. Martin, LLC**
**Attorney for Plaintiffs**
3601 Watermelon Road
Northport, AL 35473
Phone (205) 343-1771
Facsimile (205) 343-1781
Davidpmartin@erisacase.com

### Request for Service by Certified Mail

The Plaintiffs request service of this Complaint on the Defendants by certified mail, restricted delivery, return receipt requested.

_David P. Martin_ (signature)

David P. Martin
(ASB-3500-M68D)

**Plaintiffs' Address:**

Ronald Blackwell
1091 County Rd. 594
Sylvania, AL 35988

Leslie Durham
7109 County Rd. 88
Pisgah, AL 35765

Randall Farmer
603 Lookout Terrace East
Fort Payne, AL 35967

- 15 -

Rodney Simpson
825 County Rd. 190
Crossville, AL 35962

James Thomas
4002 Bird Dog Trail NE
Forty Payne, AL 35967

James Smith
1295 County Rd. 005
Waverly, AL 36879

Steven Shankles
2101 Alabama Highway 68
Collinsville, AL 35961

Mattie Davis
P.O. Box 433
Collinsville, AL 35961

**Defendants' Addresses:**

The Bakery and Confectionery Union and
Industry International Pension Fund
10401 Connecticut Avenue
Kensington, MD 20895-3960

John Beck
c/o The Bakery & Confectionery Union and
Industry International Pension Fund
10401 Connecticut Avenue
Kensington, MD 20895-3960

The Bakery & Confectionery Union and Industry
International Pension Fund, Board of Trustees
10401 Connecticut Avenue
Kensington, MD 20895-3960

- 15 -

Rodney Simpson
825 County Rd. 190
Crossville, AL 35962

James Thomas
4002 Bird Dog Trail NE
Forty Payne, AL 35967

James Smith
1295 County Rd. 005
Waverly, AL 36879

Steven Shankles
2101 Alabama Highway 68
Collinsville, AL 35961

Mattie Davis
P.O. Box 433
Collinsville, AL 35961

**Defendants' Addresses:**

The Bakery and Confectionery Union and
Industry International Pension Fund
10401 Connecticut Avenue
Kensington, MD 20895-3960

John Beck
c/o The Bakery & Confectionery Union and
Industry International Pension Fund
10401 Connecticut Avenue
Kensington, MD 20895-3960

The Bakery & Confectionery Union and Industry
International Pension Fund, Board of Trustees
10401 Connecticut Avenue
Kensington, MD 20895-3960