FILED

2011 Sep-19  PM 02:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### (MIDDLE DIVISION)

RONALD BLACKWELL, LESLIE DURHAM,)
RANDALL FARMER, RODNEY SIMPSON,   )
JAMES THOMAS, JAMES SMITH, STEVEN )
SHANKLES, MATTIE DAVIS, JOYCE            )
SLATON, RICKEY MEDLEY, KATHY            )
BENEFIELD, JOHN STEVEN CHAMBERS,  )
TIMOTHY WRIGHT, RODNEY FOSTER,     )
SANDRA BRANDON, EDDIE WRIGHT,        )
TOMMY WOMACK, ROGER WOOTEN,       )
RICKEY WILBORN, GARY WHITMORE,     )
WALTER WATSON, DANNY WHITE,           )
TERRY WAGNER, DANIEL THURMAN,       )
RICKY TEAT, BEECHER TANNER, JR.,         )
MICHAEL SLATON, TOMMY SIBERT,        )
DONNA SMITH, CHRIS SMITH, GARY        )
SARRATT, CHARLES ROGERS, WILLIAM   )
RICHEY, GUY RICE, PHYLLIS CRAZE,       )
GARY MEDLEY, RANDALL MOORE,           )
MARK MONEY, MICHAEL NORRIS, TONY  )
NELSON, DONALD JONES, DAVID              )
LAWMAN, TONEY IVEY, ROBERT JONES, )
LARRY INGLE, BILLY HOLKEM,               )
HERBERT HEAD, PAMULA HARPER,          )
RODNEY BROTHERS, DENNIS BRANDON, )
CONNIE BURGESS, RUTH BAILEY, JIMMY)
AMMONS, KENNETH BEARDEN, NICKEY  )
GORHAM, RALPH FLYNN, JAMES               )
FERGUSON, WALTER ESLOON, GLENDA)
DUPREE, ROGER DAVIS, ALAN DALTON,  )
JAMES CRAWFORD, DOUGLAS COMBS,    )
MELISSA CISCO, BILLY COOK, CHARLES)
COKER, BILLY CATHEY, KENNETH BURT)
DANIEL CARTER, EDWARD BEARDEN,      )
and SHEILA HAMMOND                              )
                                                                      )
       PLAINTIFFS,                            )

|                                                          |     |                                         |
| -------------------------------------------------------- | --- | --------------------------------------- |
|                                                          | )   |                                         |
| **v.**                                                   | )   |                                         |
|                                                          | )   | **CIVIL ACTION NO:**                    |
| **THE BAKERY AND CONFECTIONERY**                         | )   | **4:11-CV-02656-KOB**                   |
| **UNION AND INDUSTRY**                                   | )   |                                         |
| **INTERNATIONAL PENSION FUND; JOHN**                     | )   |                                         |
| **BECK, Plan Manager; and BAKERY AND**                   | )   |                                         |
| **CONFECTIONERY UNION AND INDUSTRY**                     | )   |                                         |
| **INTERNATIONAL PENSION FUND BOARD**                     | )   |                                         |
| **OF TRUSTEES,**                                         | )   |                                         |
|                                                          | )   |                                         |
| **DEFENDANTS.**                                          | )   |                                         |

## AMENDED COMPLAINT

**COME NOW** the Plaintiffs Ronald Blackwell, Leslie Durham, Randall Farmer, Rodney Simpson, James Thomas, James Smith, Steven Shankles, and Mattie Davis (hereafter collectively referred to as the "Group A Plaintiffs" and also collectively as "the Plaintiffs"); and come now the Plaintiffs Joyce Slaton, Rickey Medley, Kathy Benefield, John Steven Chambers, Timothy Wright, Rodney Foster and Sandra Brandon (hereafter collectively referred to as the "Group B Plaintiffs" and also collectively as "the Plaintiffs"); and come now all remaining Plaintiffs not named in the two prior groups (hereafter collectively referred to as the "Group C Plaintiffs" and also collectively as "the Plaintiffs") and file this Complaint against the Defendants alleging as follows:

## PARTIES AND VENUE

1.      The majority of the Plaintiffs are residents of the counties in the Northern District of Alabama.

## RESIDENCIES OF GROUP A PLAINTIFFS

2.      The Plaintiff Ronald Blackwell is a resident of Sylvania, Alabama.

3.      The Plaintiff Leslie Durham is a resident of Pisgah, Alabama.

4.      The Plaintiff Randall Farmer is a resident of Fort Payne, Alabama.

5.      The Plaintiff Rodney Simpson is a resident of Crossville, Alabama.

6.      The Plaintiff James Thomas is a resident of Fort Payne, Alabama.

7.      The Plaintiff James Smith is a resident of Waverly, Alabama.

8.      The Plaintiff Steven Shankles is a resident of Collinsville, Alabama.

9.      The Plaintiff Mattie Davis is a resident of Collinsville, Alabama.

## RESIDENCIES OF GROUP B PLAINTIFFS

10.     The Plaintiff Joyce Slaton is a resident of Fort Payne, Alabama.

11.     The Plaintiff Rickey Medley is a resident of Fort Payne, Alabama.

12.     The Plaintiff Kathy Benefield is a resident of Dawson, Alabama.

13.     The Plaintiff John Steven Chambers is a resident of Fort Payne, Alabama.

14.     The Plaintiff Timothy Wright is a resident of Fort Payne, Alabama.

15.     The Plaintiff Rodney Foster is a resident of Mentone, Alabama.

16.     The Plaintiff Sandra Brandon is a resident of Fort Payne, Alabama.

## RESIDENCIES OF GROUP C PLAINTIFFS

17.     The Plaintiff Eddie Wright is a resident of Fort Payne, Alabama.

18.     The Plaintiff Tommy Womack is a resident of Fort Payne, Alabama.

19.  The Plaintiff Roger Wooten is a resident of Fort Payne, Alabama.

20.  The Plaintiff Gary Wisner was a resident of Fort Payne, Alabama.

21.  The Plaintiff Rickey Wilborn is a resident of Fort Payne, Alabama.

22.  The Plaintiff Gary Whitmore is a resident of Fort Payne, Alabama.

23.  The Plaintiff Walter Watson is a resident of Fort Payne, Alabama.

24.  The Plaintiff Danny White is a resident of Crossville, Alabama.

25.  The Plaintiff Terry Wagner is a resident of Mentone, Alabama.

26.  The Plaintiff Daniel Thurman is a resident of Fort Payne, Alabama.

27.  The Plaintiff Ricky Teat is a resident of Rainsville, Alabama.

28.  The Plaintiff Beecher Tanner, Jr. is a resident of Dutton, Alabama.

29.  The Plaintiff Michael Slaton is a resident of Fort Payne, Alabama.

30.  The Plaintiff Tommy Sibert is a resident of Geraldine, Alabama.

31.  The Plaintiff Donna Smith is a resident of Dawson, Alabama.

32.  The Plaintiff Chris Smith is a resident of Dawson, Alabama.

33.  The Plaintiff Gary Sarratt is a resident of Collinsville, Alabama.

34.  The Plaintiff Charles Rogers is a resident of Fort Payne, Alabama.

35.  The Plaintiff William Richey is a resident of Rainsville, Alabama.

36.  The Plaintiff Guy Rice is a resident of Pisgah, Alabama.

37.  The Plaintiff Phyllis Craze is a resident of Pisgah, Alabama.

38.  The Plaintiff Gary Medley is a resident of Fort Payne, Alabama.

39.  The Plaintiff Randall Moore is a resident of Henagar, Alabama.

40.  The Plaintiff Mark Money is a resident of Gadsden, Alabama.

41.  The Plaintiff Michael Norris is a resident of Crossville, Alabama.

42.  The Plaintiff Tony Nelson is a resident of Dawson, Alabama.

43.  The Plaintiff Donald Jones is a resident of Athens, Alabama.

44.  The Plaintiff David Lawman is a resident of Ohatchee, Alabama.

45.  The Plaintiff Toney Ivey is a resident of Flat Rock, Alabama.

46.  The Plaintiff Robert Jones is a resident of Rainsville, Alabama.

47.  The Plaintiff Larry Ingle is a resident of Rainsville, Alabama.

48.  The Plaintiff Billy Holkem is a resident of Rainsville, Alabama.

49.  The Plaintiff Herbert Head is a resident of Summerville, Georgia.

50.  The Plaintiff Pamula Harper is a resident of Fort Payne, Alabama.

51.  The Plaintiff Rodney Brothers is a resident of Dawson, Alabama.

52.  The Plaintiff Dennis Brandon is a resident of Fort Payne, Alabama.

53.  The Plaintiff Connie Burgess is a resident of Fort Payne, Alabama.

54.  The Plaintiff Ruth Bailey is a resident of Fort Payne, Alabama.

55.  The Plaintiff Jimmy Ammons is a resident of Fort Payne, Alabama.

56.  The Plaintiff Kenneth Bearden is a resident of Albertville, Alabama.

57.  The Plaintiff Nickey Gorham is a resident of Fort Payne, Alabama.

58.  The Plaintiff Ralph Flynn is a resident of Mentone, Alabama.

59.    The Plaintiff James Ferguson is a resident of Fort Payne, Alabama.

60.    The Plaintiff Walter Esloon is a resident of Sylvania, Alabama.

61.    The Plaintiff Glenda Dupree is a resident of Henagar, Alabama.

62.    The Plaintiff Roger Davis is a resident of Fort Payne, Alabama.

63.    The Plaintiff Alan Dalton is a resident of Geraldine, Alabama.

64.    The Plaintiff James Crawford is a resident of Fort Payne, Alabama.

65.    The Plaintiff Douglas Combs is a resident of Rainsville, Alabama.

66.    The Plaintiff Melissa Cisco is a resident of Henagar, Alabama.

67.    The Plaintiff Billy Cook is a resident of Pisgah, Alabama.

68.    The Plaintiff Charles Coker is a resident of Dawson, Alabama.

69.    The Plaintiff Billy Cathey is a resident of Fort Payne, Alabama.

70.    The Plaintiff Kenneth Burt is a resident of Fort Payne, Alabama.

71.    The Plaintiff Daniel Carter is a resident of Fort Payne, Alabama.

72.    The Plaintiff Edward Bearden is a resident of Fyffe, Alabama.

73.    The Plaintiff Sheila Hammond is a resident of Fyffe, Alabama.

74.    Each of the Defendants has a role in providing benefits to participants such as the Plaintiffs within the Northern District of Alabama.

75.    The Defendant Bakery and Confectionery Union and Industry International Pension Fund (hereafter "the Plan") is the fund constituting the Plan out of which monies and benefits are paid to Plan participants and which is governed by a trust

agreement and various Plan documents.  Various employers across the country participate in the Plan.

76.     The Defendant Bakery and Confectionery Union and Industry International Pension Fund, Board of Trustees (hereafter "Trustees") is that group of persons acting as a board and acting as a Plan Administrator for the Plan in making all decisions and determinations regarding amendments to the Plan documents. The Trustees are fiduciaries of the Plan.

77.     The Defendant John Beck is the Plan manager and a fiduciary who is responsible for carrying out and applying Plan amendments, assisting with or conducting appeals for the Plan Administrator and providing requested information to Plan participants and otherwise insuring Plan compliance with the law.

78.     Jurisdiction and venue of this action are proper in the United States District Court for the Northern District of Alabama.

## FACTS COMMON TO ALL COUNTS

79.     All Plaintiffs are former employees of Sara Lee Corporation (hereafter "Sara Lee").  Sara Lee was an employer participating in the Plan.

80.     The Plan offered various pension benefits to its participants. The Plaintiffs, as Plan participants, elected and bargained to participate in the Golden 80 Plan provisions, which provided a better pension benefit than other Plan provisions. The Golden 80 provision derives its name from the fact that once a participant's

accumulated years of pension service and the participant's age reach the sum total of 80, that participant becomes eligible for and vested in the Golden 80 pension Plan benefit. The Plaintiffs and others similarly situated negotiated with Sara Lee to contribute all or portions of their pay raises in order to obtain and fund this Plan provision.

81.   All Plaintiffs allege that each is vested in Golden 80 Plan benefits and is currently eligible or will be eligible to receive benefit payments in the future. The Plan documents made assurances that pension benefits under the Plan would not be cut back. No reservation was made in the Plan documents allowing for a reduction in benefits if a participant was no longer employed through an eligible employer.

82.   Through their employment the Plaintiffs accumulated significant pension credits toward the Golden 80 Plan benefits. In July 2004, the Sara Lee plant in Fort Payne began closing down production. By January 2005, a majority of its employee layoffs were completed. Sara Lee ceased participation in the pension Plan on March 1, 2005 and the Plan verified that all contributions for severance and vacation were received for each of the Plaintiffs as well as other participants in the Plan.

83.   Since 2005 and through June 30, 2010, the Defendants interpreted the Plan such that various Plan participants aged into the Golden 80 benefit and received the Pan benefits after their employment with Sara Lee and other companies ended.

Such participants were not employed by Sara Lee or any other company participating in the Plan when they reached the requisite age to become eligible for and receive Golden 80 Plan benefits. The interpretation of these Plan provisions by the Defendants was clear such that ongoing "covered employment" was not necessary for the Plaintiffs to remain eligible for Golden 80 benefits.

84. On or about June 15, 2010, a letter was sent by an agent of the Plan to various Plan participants, including the Plaintiffs, indicating that the Plan would be amended to retroactively exclude the Plaintiffs and other similarly situated participants from "aging into" Golden 80 benefits unless they returned to "covered employment". Covered employment referred to work for an employer who was eligible to include employees as participants in the Plan. This amendment was effective as of July 1, 2010.

85. Prior to July 1, 2010, the Plan documents did not state in any place that the Plaintiffs could only acquire age and service credits while in "covered employment".

86. Defendants also contended that the reason for this amendment was to save the Plan money. This amendment, when applied retroactively, caused a significant reduction in benefits to the Plaintiffs and others who would soon "age into" Golden 80 benefits after July 1, 2010. The amendment was contrary to the Plan documents and the interpretation proffered by the Defendants for many years. It was also

unfair as similarly situated participants who worked side by side were being treated unequally based on an arbitrarily chosen date for the amendment.

87.    The Plan amendment was ill-conceived and imprudent, as well as improper and in violation of the fiduciary duties imposed on John Beck and the Plan Administrator, the Trustees. The Plan amendment unnecessarily exposed the Plan to the burden and expense of litigation, and the Plan amendment further appears to be the result of improper and inadequate legal advice to the Plan causing damage to the Plaintiffs and waste of significant Plan assets to the detriment of the Plan. Such damage and waste are the result of a conspiracy between the Defendants. The Trustees and John Beck are liable for the damages and waste, rather than the Plan itself.

88.    In support of the Plan amendment, the Defendants cited case law which they contended permitted the Plan amendment. However, the Plaintiffs have repeatedly challenged the Defendants' review of case law as the cases cited do not support the Defendants' actions.  To the contrary, assertions made by Defendants with the cited cases were not written in an understandable manner, but were rather conclusory and were misleading.

89.    The Group A and Group B Plaintiffs claimed Golden 80 benefits in spite of this Plan amendment, and their claims were summarily denied by Defendants.  The

Group C Plaintiffs claimed a future right to the benefits. All Plaintiffs demanded a reversal of the illegal Plan amendment.

90.     Following denial of the Plaintiffs' claims, the Plaintiffs requested that the Defendants produce all Plan documents relevant to the Plaintiffs' claims. The Defendants produced some Plan documents but did not produce all Plan documents they were required to produce in violation of their fiduciary duties.

91.     The Plaintiffs in Group A appealed the Defendants' denial of benefits. The Group B Plaintiffs made a claim and demand for Golden 80 benefits and joined in the comments made by the Group A Plaintiffs. The Group C Plaintiffs also requested a reversal of the plan amendment and joined in the comments made in anticipation that the Plan would also deny their benefits when their eligibility for Golden 80 benefits arrived.  In their appeals and claims, the Plaintiffs cited clear case law as well as statutes which reflected that the amendment was unlawful.  The Plaintiffs also specifically sought an explanation of the Defendants' previously asserted cases which did not appear to support in any respect the Defendants' position and further explained the fact that the case law cited by the Plaintiffs clearly did reflect that the amendment was unlawful and that the Plaintiffs were entitled to their benefits.

92.     The Defendants did not consider or take into account the Plaintiffs' comments regarding the inapplicability of the cases cited by Defendants nor did

the Defendants take into account the Plaintiffs' case law that was cited reflecting that the amendment was illegal and unlawful. Instead, the Defendants conspired to ignore the Plaintiffs' comments and sent a form letter to the Group A Plaintiffs denying their claims with vague conclusory reasons similar to form letters previously sent. The letter did not justify the Plan's position or address the issues raised in the appeals.

93.    As to the Group B Plaintiffs, the Defendants did not render a decision at all in spite of the Plaintiffs requesting that their claim also be considered with the Group A Plaintiffs. As a result of a lack of a decision in a timely manner, the Group B Plaintiffs' claims and appeals have been deemed exhausted by the ERISA claim procedure regulations.

94.    The Group C Plaintiffs joined in the previously filed appeals in anticipation that the Defendants would deny their benefits when their eligibility for Golden 80 benefits arrived; however, similar to the Group B Plaintiffs, the Defendants made no decision as to these Plaintiffs, other than to admit that the decision of the Plan on the amendments would not change. The Group C Plaintiffs' claims and appeals have been deemed exhausted by ERISA claim procedure regulations.

95.    The Defendants' time for making a claim decision as to all Plaintiffs has expired.

96.    In connection with the Plaintiffs' appeals, the Plan by and through John Beck refused to provide any legal position or explanation regarding the Plan's position on the Plan amendment, but advised the Plaintiffs to check on PACER regarding recent litigation as to the Plan's legal position. Eventually the PACER documents were sent by the Plan, but they did not provide the reasoned explanation demanded repeatedly nor do the documents address the Eleventh Circuit law on the matter.  However, the documents did reveal that Defendants had failed to provide all Plan documents during the administrative claim process in spite of multiple requests.

97.    The Plaintiffs further requested that the Plan advise whether the Defendants had consulted with legal counsel in connection with the Plaintiffs' appeals and the Plan amendment and that such information should be provided given that legal counsel would be representing the Plan and the Plan participants. However, the Defendants through John Beck acted in an adversarial manner and refused to provide such information and instead stated that the information was privileged and confidential and would not be disclosed notwithstanding the fiduciary responsibility that the Defendants owed to the Plaintiffs.

98.    The Defendants refused to provide explanation of their disregard of the issues raised by the Plaintiffs and have asserted a vague, conclusory response presumably in order to preserve the opportunity to assert a different position in

litigation or to thwart the Plaintiffs from understanding the Plan's position. The Defendants failed to take into account comments made by the Plaintiffs during the administrative claim process as required by law. This is contrary to the ERISA claim procedure regulation and statutory requirements for a full and fair review of claims. Furthermore providing post hoc rationales for claim denials in litigation is contrary to Eleventh Circuit law as well as fairness principles relating to whether deference is due to be accorded the Defendants' decision.

99.    As fiduciaries, the Defendants were obligated to act in the best interest of the Plan participants, but the Defendants have conspired to act in their own best interests by attempting to protect an undisclosed litigation posture, protect the claim decisions made by the Defendants, and protect the jobs and income that some of the Defendants derive from the Plan. The Plaintiffs have reason to believe that the misconduct of Defendant Trustees and Defendant Beck have caused a waste of Plan assets and have harmed the Plaintiffs' rights to Golden 80 benefits as a result of these imprudent actions.

100.   The Golden 80 Plan benefit is in essence a floating retirement benefit which participants may be eligible to receive before or after any early retirement benefit. It is a violation of the ERISA statute and established legal precedent to cut back or reduce this benefit retroactively.

101.   The Plaintiffs have exhausted all known claim remedies or alternatively, further exhaustion would be futile.

## COUNT I

102.   The Group A and Group B Plaintiffs incorporate by reference all previous paragraphs of this Complaint.

103.   This Count is brought under 29 U.S.C. § 1132(a)(1)(B) and seeks to recover benefits, damages, and attorney's fees as may be recoverable under this Code provision and 29 U.S.C. § 1132(g). The Group A and Group B Plaintiffs seek to enforce their rights under the Plan in question. The Plan is an employee benefit plan that is regulated by the Employee Retirement Income Security Act (hereafter "ERISA"), 29 U.S.C. § 1001 *et. seq.*

104.   On or about June 8, 2011, and at various other times, the Defendants wrongfully, and in violation of obligations under ERISA, denied the Plaintiffs' Golden 80 benefits.

105.   The Group A and Group B Plaintiffs have failed to receive Golden 80 benefits since that date.

**WHEREFORE**, the Group A Plaintiffs and Group B Plaintiffs demand judgment against the Defendant Plan and the Defendant Trustees as follows:

(a)   For the sum of all past due and wrongfully denied benefits;

(b)   For reinstatement of the right to future benefits;

(c)    For an award of attorney's fees;

(d)    For interest on all past due benefits; and

(e)    For such other further proper and/or different relief as may be just.

## COUNT II

106.   The Group A Plaintiffs and Group B Plaintiffs incorporate by reference all previous paragraphs of this Complaint.

107.   This Count is brought pursuant to 29 U.S.C. § 1132(a)(3) and 29 U.S.C. § 1133 and the requirements of 29 C.F.R. § 2560.503. It is brought in the alternative to Count I.

108.   The Defendants are fiduciaries of the Plan or are otherwise obliged to act on behalf of a fiduciary in a fiduciary like manner regarding any Plan amendment and are required to conduct a full and fair review of the Plaintiffs' claims for benefits. The Defendants breached these duties as set forth previously in this Complaint and the Plaintiffs further state:

(a)    The Defendants have conducted an adversarial review for the purpose of enhancing the Defendants' position in litigation;

(b)    The Defendants have failed to conduct a full and fair review;

(c)    The Defendants have failed to take into account all comments and information submitted by the Plaintiffs and seek to assert post hoc rationales never asserted during the claim process; and

(d)    The Defendants have acted wrongfully in amending the Plan and in retroactively applying the Plan amendment.

109.  The Group A and Group B Plaintiffs seek alternative relief in the event that the relief in Count I is not appropriate. The Group A and Group B Plaintiffs seek the Court to provide monetary damages for the harm caused to the Plaintiffs by the Plan amendment and further provide punitive damages for the egregious manner in which the Defendants have conducted the claims review.

110.  The Group A and Group B Plaintiffs further seek equitable relief barring the Defendants from applying the Plan amendment to any individual who is a participant under the Golden 80 Plan provision who has accrued pension service credits prior to the Plan amendment and who may possibly still "age into" the Golden 80 Plan. Furthermore, the Plaintiffs seek relief for all other individuals similarly situated who are currently entitled to Golden 80 benefits but whose benefits have been denied.

**WHEREFORE**, the Group A and Group B Plaintiffs demand judgment against the Defendant Plan and Defendant Trustees for equitable and appropriate relief as provided and allowed under the provisions of 29 U.S.C. § 1132(a)(3) as follows:

(a)    For monetary damages suffered by the Plaintiffs as a result of the Plan amendment;

(b)     For punitive damages for the adversarial manner in which the Defendants have acted during the claim review process;

(c)     For an injunction or equitable relief barring application of the Plan amendment to the Plaintiffs and other similarly situated individuals;

(d)     For an award of attorney's fees; and

(e)     For such other different appropriate and/or equitable relief as may be just and proper for the Plaintiffs and other similarly situated participants and beneficiaries.

## COUNT III

111.   The Group A Plaintiffs, Group B Plaintiffs and Group C Plaintiffs incorporate by reference all previous paragraphs of this Complaint.

112.   This Count is brought pursuant to 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1109 and seeks to recover damages and attorney's fees as may be recoverable under this code provision and seeks to have the Plan Manager, John Beck, and Plan Trustees removed from their positions.

113.   The Defendant Trustees and the Defendant John Beck have statutory duties imposed on them relating to the proper management, administration and investment of fund assets to ensure that the benefits authorized by the Plan are ultimately paid to Plan participants and beneficiaries. Defendant Trustees and Defendant John Beck's actions constitute fiduciary breaches that have impaired the

value of Plan assets as to each of the Plaintiffs' pension benefits under the Golden 80 Plan provisions.

114.   The Defendant Trustees and Defendant John Beck are personally liable to make good any losses suffered by the Plaintiffs and other similarly situated Plan participants, as well as for any losses to the Plan resulting from any breaches.

115.   The Plaintiffs claim damages as a result of the Defendants' actions.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendant Trustees and Defendant John Beck as follows:

(a)   For the sum of all losses as to the amount of the Golden 80 benefits the Plaintiffs and others similarly situated were due to receive but failed to receive as a result of these Defendants' actions;

(b)   For an award of attorney's fees;

(c)   For interest;

(d)   For punitive damages;

(e)   For removal of the Defendant Trustees and Defendant John Beck from their positions of authority with the Plan; and

(f)   For such other further different and appropriate relief as may be just.

## COUNT IV

116.   The Group C Plaintiffs incorporate by reference all previous paragraphs of this Complaint.

117.   This Count is brought under 29 U.S.C. § 1132(a)(1)(B) and seeks to clarify rights to future benefits under the terms of the Plan and force rights under the terms of the Plan. The Plan is an employee benefit plan that is regulated by the Employee Retirement Income Security Act (hereafter "ERISA"), 29 U.S.C. § 1001 *et. seq.*

118.   As of July 1, 2010, the Defendants indicated that they would no longer honor Golden 80 benefits unless individuals previously entitled to such benefits returned to "covered employment".

119.   On or about June 8, 2011, and at various other times, the Defendants wrongfully and in violation of their obligation under ERISA failed to consider the Plaintiffs' requests for clarification regarding their entitlement to Golden 80 benefits and reversal of the Defendants' position regarding the Plan amendment which has taken away the Plaintiffs' future entitlement to Golden 80 benefits.

**WHEREFORE**, the Group C Plaintiffs demand judgment against the Defendant Plan and the Defendant Trustees as follows:

(a)    For reinstatement of the right to future benefits;

(b)    For an award of attorney's fees;

(c)    For interest on all past due benefits; and

(d)    For such other further proper and/or different relief as may be just.

## COUNT V

120.   The Group C Plaintiffs incorporate by reference all previous paragraphs of this Complaint.

121.   This Count is brought pursuant to 29 U.S.C. § 1132(a)(3) and 29 U.S.C. § 1133 and the requirements of 29 C.F.R. § 2560.503. It is brought in the alternative to Count IV.

122.   The Defendants are fiduciaries of the Plan or are otherwise obliged to act on behalf of a fiduciary in a fiduciary like manner regarding any Plan amendment and are required to conduct a full and fair review of the Plaintiffs' claims for benefits. The Defendants breached these duties as set forth previously in this Complaint and in particular the Plaintiffs further state:

(a)   The Defendants have conducted an adversarial review for the purpose of enhancing the Defendants' position in litigation;

(b)   The Defendants have failed to conduct a full and fair review;

(c)   The Defendants have failed to take into account all comments and information submitted by the Plaintiffs and seek to assert post hoc rationales never asserted during the claim process; and

(d)   The Defendants have acted wrongfully in amending the Plan and in retroactively applying the Plan amendment.

123.   The Group C Plaintiffs seek alternative relief in the event that the relief in Count IV is not appropriate. The Group C Plaintiffs further seek equitable relief barring the Defendants from applying the Plan amendment to any individual who is a participant under the Golden 80 Plan provision who has accrued pension service credits prior to the Plan amendment and who may possibly still "age into" the Golden 80 Plan.

**WHEREFORE**, the premises considered, the Group C Plaintiffs demand judgment against the Defendant Plan and Defendant Trustees for equitable and appropriate relief as provided and allowed under the provisions of 29 U.S.C. § 1132(a)(3) as follows:

(a)   For an injunction or equitable relief barring application of the Plan amendment to the Plaintiffs and other similarly situated individuals;

(b)   For an award of attorney's fees; and

(c)   For such other different appropriate and/or equitable relief as may be just and proper for the Plaintiffs and other similarly situated participants and beneficiaries.

*/s David P. Martin*
David P. Martin
(ASB-3500-M68D)
Jason E. Burgett
(ASB-5742-A40B)
The Martin Law Group, LLC
(previously known as David P. Martin, LLC)
Attorneys for Plaintiffs
P.O. Box 20087
Tuscaloosa, AL 35402
Phone (205) 343-1771
Facsimile (205) 343-1781
davidpmartin@erisacase.com
jasonburgett@erisacase.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will automatically send notification of such filing to counsel of record registered to receive ECFs and served a copy via U.S. Mail, postage prepaid on the following:

Joe R. Whatley, Jr.
Whatley, Drake & Kallas
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203

Penny Clark
Bredhoff & Kaiser P.L.L.C.
805 15th Street N.W.
Suite 1000
Washington D.C. 20005

*/s David P. Martin*
David P. Martin
(ASB-3500-M68D)

- 23 -